| | |
|---|---|
| 1 | Brian C. Lake (#020543) |
| | Michael T. Liburdi (#021894) |
| 2 | PERKINS COIE BROWN & BAIN P.A. |
| | 2901 N. Central Avenue, Suite 2000 |
| 3 | Post Office Box 400 |
| | Phoenix, AZ 85014-0400 |
| 4 | (602) 351-8000 |
| | *BLake@perkinscoie.com* |
| 5 | *MLiburdi@perkinscoie.com* |
| 6 | *Attorneys for Defendants* |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| 11 | Nina Khashan; Michael Khashan, | No. CV07-1640-PHX-ROS |
| 12 | Plaintiffs, | |
| 13 | v. | **REPLY IN SUPPORT OF MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE** |
| 14 | Washington Mutual Bank; Long Beach Mortgage Company; | |
| 15 | California Reconveyance Company; Huey-Jen Chiu; Deborah Brignac; | (Assigned to Hon. Roslyn O. Silver) |
| 16 | and Does 1 to 25, inclusive, | (Oral Argument Requested) |
| 17 | Defendants. | |

LEGAL13738132.3

Table of Contents

Argument ............................................................................................................. 2

I.     THE FTC ACT DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION. .......... 3

II.    ALL OF THE RESPA CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFFS CONCEDE THAT THE LOAN WAS MADE FOR BUSINESS PURPOSES. ....................................................................................................... 3

III.   THE FDCPA DOES NOT APPLY TO THE SUBJECT LOAN. ........................ 5

IV.    PLAINTIFFS CANNOT NOW CHANGE THE FRAUD CLAIM THEY PLED IN THE COMPLAINT INTO A NEGLIGENCE CLAIM. ................................ 7

V.     THERE IS NO CIVIL CAUSE OF ACTION FOR "EXTORTION" OR "DURESS." ................................................................................................... 8

VI.    THE COMPLAINT FAILS TO STATE CLAIMS FOR DEFAMATION AND SLANDER OF TITLE. ................................................................................... 9

VII.   PLAINTIFFS' CLAIMS FOR ACCOUNTING AND INJUNCTIVE RELIEF FAIL. ......................................................................................................... 10

VIII.  THE REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED. ............ 11

IX.    THE COURT SHOULD GRANT DEFENDANTS' ATTORNEYS' FEES. ........ 11

Conclusion .......................................................................................................... 11

## Table of Authorities

*Air Brake Sys., Inc. v. Mineta*, 202 F. Supp. 2d 705 (E.D. Mich. 2002), aff'd, 357 F.3d 632 (6th Cir. 2004) ......11

*Bell Atl. Corp. v. Twombly*, 127 S. Ct 1955 (2007) ......3

*Broam v. Bogan*, 320 F.3d 1023, n.2 (9th Cir. 2003) ......7

*Buckey v. County of Los Angeles*, 968 F.2d 791 (9th Cir. 1992) ......7

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) ......7

*Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973) ......3

*City of Tempe v. Pilot Props., Inc.*, 527 P.2d 515 (Ariz. App. 1974) ......9

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ......2

*Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981) ......3

*Drummond v. Stahl*, 618 P.2d 616 (Ariz. App. 1980) ......9

*Evans v. United States*, 504 U.S. 255 (1992) ......8

*First Gibraltar Bank v. Smith*, 62 F.3d 133 (5th Cir. 1995) ......5

*Fleet Nat'l Bank v. Baker*, 263 F. Supp. 2d 150 (D. Mass. 2003) ......5

*Georgia-Pacific Corp. v. First Wisconsin Fin. Corp.*, 625 F. Supp. 108 (N.D. Ill. 1985) ......10

*Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716 (N.D. W. Va. 1998), aff'd, 173 F.3d 850 (4th Cir. 1999) ......5

*Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ......5

*McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578 (E.D.N.Y. 2005) ......6

*McClinton v. Rice*, 265 P.2d 425 (Ariz. 1953) ......9

*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987) ......2

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ......2, 3

*Oldroyd v. Assocs. Consumer Disc. Co./PA*, 863 F. Supp. 237 (E.D. Pa. 1994) ......6

*Peagler v. Phoenix Newspapers, Inc.*, 560 P.2d 1216 (Ariz. 1977) ......9

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3rd Cir. 1993) ......11

*Sapenter v. Dreyco, Inc.*, 326 F. Supp. 871 (E.D. La. 1971) ......4

*Schneider v. California Dep't of Corrs.*, 151 F.3d 1194 n.1 (9th Cir. 1998) ......7

*Shaw v. Hahn*, 56 F.3d 1128 n.1 (9th Cir. 1995) ......11

*Simpson v. Aetna Fin. Co.*, 523 N.E.2d 762 (Ind. Ct. App. 1988) ......4

*Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575 (11th Cir. 1988) ......10

*Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153 (E.D.N.Y. 2007) ......6

*Thomasson v. Bank One, LA., N.A.*, 137 F. Supp. 2d 721 (E.D. La. 2001) ......6

*Tower v. Home Constr. Co. of Mobile, Inc.*, 458 F. Supp. 112 (S.D. Ala. 1978) ......4

**Other Authorities**

12 U.S.C. § 2606(a)(1) ............................................................................................... 4
12 U.S.C. § 2606(b) .................................................................................................... 4
15 U.S.C. § 1692a(5) .................................................................................................. 5
15 U.S.C. § 1692a(6) .................................................................................................. 6
15 U.S.C. §§ 1603(1) .................................................................................................. 4
A.R.S. §§ 12-341.01(A) ............................................................................................ 11
Hobbs Act, 18 U.S.C. § 1951 ..................................................................................... 8

Plaintiffs' opposition to the Motion to Dismiss ("Opposition" or "Opp."), which was filed twenty (20) days late, appears to consist mostly of material that was indiscriminately copied and pasted from other similar lawsuits against other lenders. The Opposition addresses a number of legal matters that are not even at issue in this motion to dismiss, including dismissal for lack of subject matter jurisdiction (Opp. at 4), establishing federal question jurisdiction (*id.*), the effect of certain California statutes purportedly relating to declaratory judgments (*id.* at 13) and libel (*id.* at 19-20), the definition of proximate cause (*id.* at 17) and the circumstances under which an answer may deny allegations on the basis of information and belief (*id.* at 3). What's more, an entire section appears to have been copied from a brief in another case without even changing the defendants' names. [*Id.* at 12 ( "Plaintiffs applied for financing through defendants' agent and broker Sure Fast Mortgage ("SFM") and Mr. Jude Taylor ("Taylor").")]

But what is most remarkable about Plaintiffs' 25-page Opposition is that it does not even attempt to deny or refute the most important point in the Motion to Dismiss – that Michael and Nina Khashan operate a real estate investment business, the subject property was purchased for business purposes and the subject loan was entered into for business purposes, not for personal or consumer purposes. Indeed, the Opposition further confirms this key fact by once again admitting that the subject property was purchased in the name of Michael Khashan's sister and "business partner" Nina (Opp. at 1), and that Defendants' actions have caused Plaintiffs "loss of income in their business." [*Id.* at 22] This fact alone requires dismissal of all Plaintiffs' claims asserted under the Real Estate Settlement Practices Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA").

Not only does the Opposition fail at defending Plaintiffs' RESPA and FDCPA claims, it fails to save the Complaint's other inadequate claims for relief. As explained more thoroughly below and in Defendants' Motion, there are no private civil causes of action for violations of the Federal Trade Commission ("FTC") Act, for "extortion" and

"duress," or for "unfair and deceptive force placing late fees."[1] The Complaint's defamation and slander of title claims should be dismissed because Defendants' statements are privileged and, alternatively, the Complaint fails to plead these claims with the required particularity. The Complaint also fails to state a claim for declaratory and injunctive relief because the complained-of conduct occurred in the past, and because injunctive relief is a remedy only. It fails to state a claim for an accounting because that is a restitutionary remedy available only in the absence of a remedy at law. Moreover, the Complaint's failure to state a claim for fraud (as pled) cannot be saved by the Opposition's new argument that Plaintiffs really intended to state a negligence claim, which is, in any event, barred by the economic loss rule.

## Argument

Plaintiffs devote almost five pages of their Opposition to citing cases that discuss the general standards to be applied when ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. Simply put, "[a] Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For the purposes of a motion to dismiss, the court should accept as true the well-pleaded material allegations of the complaint, but the court should disregard conclusions of law and unwarranted deductions of fact. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."). Moreover, the court may consider facts outside the pleadings that are subject to judicial notice. *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss."). A motion to dismiss should be granted "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."

---

[1] The Opposition fails to respond at all to Defendants' argument that there is no civil cause of action for "unfair and deceptive force placing late fees," and the argument that declaratory relief is improper here because all of the complained-of conduct occurred in the past, thus apparently conceding that these claims should be dismissed.

*Navarro*, 250 F.3d at 732. In other words, dismissal is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief" under the applicable law. *Bell Atl. Corp. v. Twombly*, 127 S. Ct 1955, 1966 (2007).

I.   **THE FTC ACT DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION.**

Defendants' Motion cites well-established authority that the FTC Act under which Plaintiffs assert claims in Counts Four and Five does not provide a private right of action. Plaintiffs' only response in the Opposition is to reproduce without any discussion or comment a page-and-a half long block quote from *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973), in which one judge explains why he thinks the FTC Act ought to include a private right of action. But what Plaintiffs do not tell the Court is that this entire quote is taken from the *dissent* in the *Carlson* case, and the holding in the *Carlson* case actually reaches the exact opposition conclusion, unequivocally confirming that there is no private right of action under the FTC Act. The Court held:

> The statutory provision invoked by the appellants in this case [the FTC Act] provided them with no direct remedy, either explicitly or implicitly. This conclusion is supported by solid authority of long standing. [numerous citations omitted] The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.

*Id.* at 280.[2]

II.  **ALL OF THE RESPA CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFFS CONCEDE THAT THE LOAN WAS MADE FOR BUSINESS PURPOSES.**

The only argument made in the Opposition with respect to RESPA is that the subject property does not fall within the IRS's definition of "commercial property" for tax purposes. Whether this is true or not, Plaintiffs' argument misses the point. The relevant inquiry under RESPA is whether the subject loan was entered into primarily "for business . . . purposes." If it was, then Plaintiffs cannot assert any RESPA claims, as 12 U.S.C. §

---

[2] *Accord Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (private litigants may not sue under the FTC Act).

2606(a)(1) clearly states that RESPA "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes."

RESPA is not the only lending statute that specifically exempts business and commercial transactions from its reach, the Truth in Lending Act ("TLA") and the FDCPA contain similar exemptions. *See* 15 U.S.C. §§ 1603(1), 1692a(5). In TLA cases, courts frequently dismiss claims where borrowers used loan proceeds to finance the purchase or repair of rental and investment real estate (clearly a "business purpose"). *See Sapenter v. Dreyco, Inc.*, 326 F. Supp. 871, 873-74 (E.D. La. 1971) (dismissing claim: "plaintiffs were . . . in the 'business' of owning and renting real estate for profit. Extensions of credit for such purposes were not intended by Congress to come within the purview of the Truth In Lending Act."), *aff'd*, 450 F.2d 941 (5th Cir. 1971).[3] And, as Defendants indicated in their Motion to Dismiss (("Motion") at 4), the terms of the RESPA statute's business purpose exceptions shall be interpreted consistently with the same exemption under TLA. *See* 12 U.S.C. § 2606(b).

Whether RESPA applies in this case turns on the Plaintiffs' purpose for obtaining the loan, not on whether the property itself is "commercial property" for federal tax purposes. As established in the Motion to Dismiss and its accompanying exhibits, and as Plaintiffs themselves affirmatively allege, Plaintiffs entered into the subject loan in order to purchase a residential property *for business purposes* (for rental or resale). [*See* Motion at 4-5] Plaintiffs describe themselves as "Real Estate Investors who buy, renovate, remodel, repair, lease and sell all types of real estate properties including single family homes" (Compl. ¶ 7), and they allege that because of the loss of the subject property "plaintiffs have suffered injuries in their business." [*Id.* ¶ 163; *see also id.* ¶¶ 164, 174, 175 (alleging injuries to Plaintiffs' "business")] In their Opposition, Plaintiffs continue to allege that Defendants' conduct has caused "loss of income in their business." [Opp. at

---

[3] *See also Tower v. Home Constr. Co. of Mobile, Inc.*, 458 F. Supp. 112, 117 (S.D. Ala. 1978) (holding that loans taken by plaintiffs to finance repairs to rental properties were not consumer loans within the meaning of the TLA); *Simpson v. Aetna Fin. Co.*, 523 N.E.2d 762, 764 (Ind. Ct. App. 1988) (holding that the TLA did not apply where proceeds from mortgage taken on plaintiffs' primary residence were for investment purposes).

22] Thus, Plaintiffs concede that they entered into the subject loan for business purposes, not for personal or consumer purposes. RESPA cannot apply to the loan here.

### III.   THE FDCPA DOES NOT APPLY TO THE SUBJECT LOAN.

The Motion to Dismiss raised two independent reasons why Plaintiffs are prohibited as a mater of law from asserting claims under the FDCPA. First, the mortgage loan at issue here is not a "debt" covered by the FDCPA because (i) the FDCPA, like RESPA and the TLA, explicitly limits its coverage only to loans that are "primarily for personal, family, or household purposes," 15 U.S.C. § 1692a(5), and (ii) the FDCPA does not apply to foreclosures, *e.g. Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999). Plaintiffs affirmatively allege that the subject loan was made for *business* purposes, and not "primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5). Courts have repeatedly held that loans related to residential real estate are not "debt" under the FDCPA when they are made for primarily business purposes. *First Gibraltar Bank v. Smith*, 62 F.3d 133, 136 (5th Cir. 1995) (holding that debt incurred for real estate development was not covered by FDCPA and affirming district court's *sua sponte* dismissal).[4] Moreover, courts routinely hold that foreclosure actions are not subject to the FDCPA because "[p]ayment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *accord Heinemann*, 47 F. Supp. 2d at 722. Plaintiffs' failure to plead the existence of a debt that is actionable under the FDCPA is, by itself, sufficient to dismiss their FDCPA claims.

But there is another independent reason why Plaintiffs FDCPA claims fail as a matter of law. In this case Defendants do not fall within the narrow statutory definition of "debt collectors" against whom the FDCPA purports to provide a remedy. Plaintiffs' only argument here is that at some point Washington Mutual ("WaMu") sent Plaintiffs a letter

---

[4] *See also Fleet Nat'l Bank v. Baker*, 263 F. Supp. 2d 150, 153-54 (D. Mass. 2003) (loan made to fund the defendant's real estate investments is not covered by FDCPA).

in which it referred to itself as a "debt collector," so therefore (as Plaintiffs argue) WaMu must also be a "debt collector" as that term is defined and used in the FDCPA. There is no question that WaMu was attempting to collect upon the debt that Plaintiffs owed WaMu as the lender. But that fact alone does not compel application of the FDCPA here. That statute contains a specific definition of the term "debt collector" that limits its applicability to a narrowly defined sub-group of debt collectors for whom *both* of the following must be true: (1) the "principal purpose" of the company's business is debt collection, *and* (2) the company is attempting to collect on the debts "owed or due another" person or company. 15 U.S.C. § 1692a(6). Neither requirement is satisfied here.

Plaintiffs do not directly address the first prong, essentially conceding that the "principal purpose" of WaMu is not debt collection, but rather banking and making home loans. That alone mandates dismissal of the FDCPA claims. *See, e.g., Oldroyd v. Assocs. Consumer Disc. Co./PA*, 863 F. Supp. 237, 241-42 (E.D. Pa. 1994) (mortgage lender's "principal business purpose is to make and service consumer loans and not the collection of debts . . . . therefore [it is] not a 'debt collector' as defined by the FDCPA").[5]

In this case, WaMu is also excluded from the FDCPA because as the continuance of and legal successor to Long Beach Mortgage Company, it is attempting to collect on its *own* debt, not collecting the debt owed to another, like a typical debt collector would (one might ask the Plaintiffs, if the debt is not owed to WaMu, then to whom is it owed?). This fact also requires dismissal of the FDCPA claims. *See McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 593 (E.D.N.Y. 2005) (granting motion to dismiss FDCPA claims asserted against a bank that subsequently acquired the mortgage loan originator).

The fact that WaMu sent Plaintiffs a letter in which it apparently referred to itself as a "debt collector" is irrelevant to the question of whether WaMu in this case satisfies the explicit and more narrow statutory definition of "debt collector" against whom an

---

[5] *See also Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 159 (E.D.N.Y. 2007) ("Originators of mortgage loans [do not fall] within the definition of debt collectors and therefore not subject to the FDCPA."); *Thomasson v. Bank One, LA., N.A.*, 137 F. Supp. 2d 721, 724 (E.D. La. 2001) ("Bank One is not a 'debt collector' because as a bank it primarily loans money to consumers rather than collects outstanding debts").

FDCPA claim may be brought. Indeed, the plaintiff in *Somin* attempted to save his FDCPA claims by making this same argument, claiming that since the lender sent a letter to the borrower referring to itself as a "debt collector" it must necessarily be considered a "debt collector" subject to the FDCPA. The court flatly rejected that argument, holding that the bank's use of language on its communications "indicating that it was attempting to 'collect a debt'" did not matter to the FDCPA analysis; what mattered was "[t]he fact is that the debt that the Bank was collecting, was its own." 494 F. Supp. 2d at 160.

### IV. PLAINTIFFS CANNOT NOW CHANGE THE FRAUD CLAIM THEY PLED IN THE COMPLAINT INTO A NEGLIGENCE CLAIM.

Count Two of the Complaint is entitled "Fraud." As demonstrated in the Motion to Dismiss, the allegations of the Complaint, even taken as true, do not come close to stating a claim for fraud under Arizona law. In the Opposition, Plaintiffs apparently concede that they have not stated a claim for fraud and instead start arguing for the first time that Count Two actually asserts a claim for negligence.

Although the Complaint should be liberally construed, it is axiomatic that analysis of a motion to dismiss for failure to state a claim "is based on the contents of the complaint." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has clearly and repeatedly held, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (same). Accordingly, courts routinely refuse to allow a plaintiff to avoid dismissal of a deficient pleading by raising new allegations in its papers opposing a motion to dismiss. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing cases).

Now that they are faced with a meritorious motion to dismiss, Plaintiffs may not attempt to resuscitate their defective fraud claim by arguing that they actually meant to

plead something else. Count Two of the Complaint expressly alleges a claim for "fraud," so its sufficiency must be measured against that standard. Indeed, the word "negligence" does not even appear in Count Two, or anywhere else in the Complaint for that matter.

Moreover, even if the Complaint does allege a claim for the tort of "negligence," that claim would fail as a matter of law under Arizona's economic loss rule. As this Court explained in *QC Const. Prods., LLC v. Cohill's Bldg. Specialties, Inc.*:

> The economic loss rule . . . "bars a party from recovering economic damages in tort unless accompanied by physical harm, either in the form of personal injury or secondary property damage." The rule is based on the premise that "contract law and tort law each protect distinct interests.". . . Simply, "[u]nder the economic loss rule, a contracting party who suffers monetary harm (as opposed to personal injury or injury to property other than that governed by the contract) cannot recover tort damages from the other contracting party but, rather, is limited to contract remedies."

423 F. Supp. 2d 1008, 1015 (D. Ariz. 2006) (Silver, J.) (citations omitted) In short, Plaintiffs cannot convert an alleged failure to meet a contractual obligation into a tort claim by alleging that defendant "negligently" failed to carry out its obligations under the contract (here, the loan agreement). The economic loss rule bars any such tort claim.

V.    THERE IS NO CIVIL CAUSE OF ACTION FOR "EXTORTION" OR "DURESS."

The basis for dismissing Count Fifteen, entitled "Extortion and Duress," is that although extortion is a criminal offense, there is no civil cause of action recognized under Arizona or federal law for "extortion" or "duress." Plaintiffs attempt to save their cause of action by citing *Evans v. United States*, 504 U.S. 255 (1992), but *Evans* is clearly a *criminal* case brought by the government under the Hobbs Act (18 U.S.C. § 1951), a federal *criminal* statute. Even the quote from that case reproduced by Plaintiffs emphasizes this by stating that "[e]xtortion is one of the oldest *crimes* in Anglo-American jurisprudence." 504 U.S. at 278 (emphasis added). Plaintiffs have not cited any authority showing that there is any private civil cause of action for extortion under federal or Arizona law, and indeed, as far as Defendants can tell, there is none.

## VI. THE COMPLAINT FAILS TO STATE CLAIMS FOR DEFAMATION AND SLANDER OF TITLE.

Plaintiffs do not deny that the alleged defamatory statements (the publication of the Notice of Trustee Sale) are subject to the Restatement's rival claimant privilege and the publisher's interest privilege – they only argue that this issue cannot be determined at the motion to dismiss stage. But "[a]n affirmative defense [to a libel or defamation claim], such as privilege, may be raised and determined on a motion to dismiss, where the facts constituting the defense appear in the pleadings." *Drummond v. Stahl*, 618 P.2d 616, 619 (Ariz. App. 1980). The basis for the privilege (that Defendants have a rival claim on the property and a competing legal interest to protect) is established in the pleadings.

But even putting aside the privilege question, Plaintiffs' defamation and slander of title claims must be dismissed for the separate reason that they failed to specifically allege special damages. Under Arizona law, claims for slander of title must always allege special damages with particularity, *City of Tempe v. Pilot Props., Inc.*, 527 P.2d 515, 522 (Ariz. App. 1974); Fed. R. Civ. P. 9(g); and claims for defamation or libel must allege special damages with particularity unless the defamatory statement can be deemed "libelous per se." *Peagler v. Phoenix Newspapers, Inc.*, 560 P.2d 1216, 1223 (Ariz. 1977). The Opposition attempts to rely on an inapplicable California statute in claiming that the Notice of Trustee Sale was libelous per se. But under Arizona law, which controls here, a statement is not deemed libelous or defamatory per se unless on its face it is "a publication which impeaches the honesty, integrity or reputation of a person." *Id.* In other words, the allegedly defamatory statement must be "of such a nature that the court can presume as a matter of law that the communication will tend to degrade or disgrace the party defamed." *McClinton v. Rice*, 265 P.2d 425, 429-30 (Ariz. 1953).

By this standard, the Notice of Trustee Sale was not defamatory per se toward Plaintiffs individually. The Notice merely indicated that the subject property was being offered for public sale by the trustee – nothing on its face was necessarily "degrading" or "disgraceful" about the Plaintiffs as individuals. Any negative implication that could

LEGAL13738132.3                                    - 9 -

reflect on the individual plaintiffs from this pro forma announcement in terms of suggesting their indebtedness or inability to pay would be indirect by implication or innuendo, and thus would not qualify as defamatory per se. *See Georgia-Pacific Corp. v. First Wisconsin Fin. Corp.*, 625 F. Supp. 108, 125-26 (N.D. Ill. 1985) (distribution of allegedly false lien notices "fails to state a claim for libel per se" because "only by implication do the notices suggest financial instability"); *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (allegations that "[a] Bank furnished erroneous information about plaintiff's indebtedness" was "not libelous *per se*. . . . absent a showing of special damages, plaintiff cannot recover damages from the Bank.").

Because the alleged statements were not defamatory per se, and Plaintiffs failed to allege particular, special damages as required by Rule 9(g) (*see* Motion at 14), the defamation and slander of title claims should be dismissed. The court reached a similar conclusion in *Perry v. Apache Junction Elem. Sch. Dist.*:

> Appellant complains of the dismissal of her four counts grounded in defamation. . . . We have examined those [allegedly defamatory statements] pleaded and find none to be slanderous per se. Words that need an innuendo are not slanderous per se. Since appellant failed to plead special damages the counts were properly dismissed.

514 P.2d 514 (Ariz. App. 1973) (citations omitted).

## VII.  PLAINTIFFS' CLAIMS FOR ACCOUNTING AND INJUNCTIVE RELIEF FAIL.

Plaintiffs attempt to save their accounting claim by citing (at 13) a California statute that does not apply in Arizona. *See* Cal. Code Civ. P. § 1060. But this action arises under Arizona law, and Plaintiffs do not cite any Arizona statute that entitles them to an accounting. [*See* Deed of Trust dated May 24, 2006 Section 16 ("This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.")] In any event, Plaintiffs' request for an accounting should be denied for the following two reasons: (i) an accounting is a restitutionary remedy unavailable here; and (ii) a chart showing payments made to the subject mortgage loan account has already been provided to the Plaintiffs. [*See* Motion, Ex. 1]

Separate causes of action labeled "injunctive relief" should be dismissed because

injunctions are remedies, not a separate cause of action. *See, e.g., Air Brake Sys., Inc. v. Mineta*, 202 F. Supp. 2d 705, 715 (E.D. Mich. 2002), *aff'd*, 357 F.3d 632 (6th Cir. 2004). What's more, the stated purpose of the injunction sought here is to prevent the sale of the subject property. But, as stated in the Opposition (at 15), the subject property has already been sold in a trustee's sale, so the requested injunction is moot.

## VIII.  THE REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED.

The only opposition Plaintiffs mount to the Request for Judicial Notice is that the documents attached to the request are hearsay. [Opp. at 1]  But this objection fundamentally fails to understand one of the purposes for judicial notice, which is to allow the Court to consider public documents on a motion to dismiss.[6]  Even if some of these documents contain hearsay, they would be subject to exceptions under the public records and business records exemptions.[7]  What is important here, however, is that Plaintiffs do not contest the accuracy or reliability of the documents.

## IX.  THE COURT SHOULD GRANT DEFENDANTS' ATTORNEYS' FEES.

Defendants properly requested their attorneys' fees in their Motion to Dismiss, as this case arises out of a contract. If this Court grants the Motion, it may order Defendants to file an application for attorneys' fees that includes a legal argument why they are entitled to an award and an affidavit of counsel as to the reasonableness of the award.

### Conclusion

For the foregoing reasons and those stated in Defendants' Motion to Dismiss, the Court should: (1) dismiss Counts One and Three through Seventeen with prejudice, and Count Two without prejudice; (2) grant Defendants' Request for Judicial Notice; and (3) award Defendants their attorneys' fees under A.R.S. §§ 12-341.01(A) and (C), as well as Section 22 of the Deed of Trust dated May 24, 2006 and Section 7(E) of the Fixed/Adjustable Rate Note (promissory note) dated May 24, 2006.

---

[6] *E.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

[7] Fed. Rs. Evid. 803(8) (public records and reports), (14) (records of documents affecting an interest in property), (15) (statements in documents affecting an interest in property); *see also id.* 801(d)(2) (admissions by party-opponent not hearsay).

Dated: November 23, 2007

PERKINS COIE BROWN & BAIN P.A.

By s/ Brian C. Lake
Brian C. Lake
Michael T. Liburdi
2901 N. Central Avenue, Suite 2000
Post Office Box 400
Phoenix, Arizona 85001-0400

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

☒ I hereby certify that on November 23, 2007, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

☒ I hereby certify that on November 23, 2007, I served the attached document by hand delivery on Judge Roslyn O. Silver, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

☒ I hereby certify that on November 23, 2007, I served the attached document by U.S. mail on the following, who are not registered participants of the CM/ECF System:

Nina Khashan
11862 Balboa Boulevard #190
Granada Hills, California 91344

Michael Khashan
1711 Stockton Hill Road #180
Kingman, Arizona 86401

*Plaintiffs Pro Per*

s/ Sharon Neilson